| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

TAMYKA WEEKS,

                                         **Plaintiff,**                1:09-cv-50

    v.

LEEWARD ISLANDS APOTHECARIES,
LLC d/b/a THE MEDICINE SHOPPE, TROY
A. DE CHABERT-SCHUSTER, GREGORY
L. SCHUSTER, and LOWELL SCHUSTER,

                                           **Defendants**.

TO:    K. Glenda Cameron, Esq.
           Robert A. Waldman, Esq.

## ORDER

THIS MATTER is before the Court upon Defendants' Motion to Stay Discovery (Docket No. 15). Plaintiff filed an opposition to said motion, and Defendants filed a reply thereto.

Defendants seek a stay of discovery pending resolution of their motion to dismiss. Plaintiff opposes a stay, arguing that the harm produced by the delay outweighs the possibility that the motion will be granted and entirely eliminate the need for discovery.

It is generally accepted that "a district court has broad discretion 'to stay discovery until preliminary questions that may dispose of the case are determined.' *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). Such a stay is not, however, automatically granted whenever a motion to dismiss is pending . . . ." *Keystone Coke Co. v. Pasquale*, No. Civ. A. 97-6074, 1999 WL 46622 at *1 (E.D. Pa. January 7, 1999) (citations omitted).

As the United States District Court for the Northern District of California observes:

> Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. [sic] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. . . . Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

Based upon the foregoing, the Court finds that Defendants have failed to carry their "heavy burden of making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Accordingly, it is now hereby **ORDERED** that Defendants' Motion to Stay Discovery (Docket No. 15) is **DENIED**.

*Weeks v. Leeward Islands Apothecaries, LLC*
1:09-cv-50
Order
Page 3

                                                              ENTER:

Dated: May 26, 2010                            /s/ George W. Cannon, Jr.
                                                           GEORGE W. CANNON, JR.
                                                           U.S. MAGISTRATE JUDGE