DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **TAMYKA WEEKS** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **LEEWARD ISLANDS APOTHECARIES** | : | NO. 09-0050 |
| **D/B/A THE MEDICINE SHOPPE, et al** | : | |

## MEMORANDUM OPINION

Savage, J.                                                          February 9, 2011

### Introduction

The defendants in this employment discrimination action have moved to dismiss the amended complaint, contending that the plaintiff has not made out a claim for discrimination against The Medicine Shoppe because she has failed to allege that it is an "employer" covered by Title VII. The individual defendants argue that they cannot be held individually liable for employment discrimination.

We conclude that Weeks has sufficiently pled Title VII claims against The Medicine Shoppe. However, because the individuals are not proper defendants and the discrimination claims against them are redundant claims against The Medicine Shoppe, we shall dismiss the Title VII claims against them. Count IV shall also be dismissed as to the individual defendants and Count III shall be dismissed as to all defendants.

### Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiffs. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329,

334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain enough facts to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It must show that the plaintiff is entitled to relief.

A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). Additionally, where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) may be granted. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)).

**Analysis**

Plaintiff Tamyka Weeks claims she was discriminated against on the basis of her gender when she was fired from her position as a pharmacy technician with Leeward Islands Apothecaries, d/b/a The Medicine Shoppe ("The Medicine Shoppe"), in 2007. She also asserts claims for defamation and breach of the covenant of good faith and fair dealing. In addition to suing The Medicine Shoppe, Weeks names as defendants Troy A. de Chabert-Schuster, Gregory L. Schuster, and Lowell O. Schuster, in their capacities as "owner[s], manager[s], employee[s], and agent[s]" of The Medicine Shoppe. *Compl.,* ¶¶ 9, 10, 11.

The defendants contend that Weeks's first amended complaint fails to allege that The Medicine Shoppe has the statutory minimum number of employees required to bring

an employer within Title VII's reach.[1] The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The 15-employee threshold is a "substantive element" of a Title VII claim. It is not jurisdictional. *Nesbit v. Gears Unlimited Inc.,* 347 F.3d 72, 83 (3d Cir. 2003).

Weeks has sufficiently pled that The Medicine Shoppe is an employer within the ambit of Title VII. In paragraph eight of her first amended complaint, she alleges that "at all times relevant to this Complaint, [The Medicine Shoppe] had fifteen (15) or more employees." Because the number of employees is a substantive element of her claim, we must accept her allegation as true at this stage. *Nesbit,* 347 F.3d at 77; *Shomo v. Mugar Enters., Inc.,* No. 07-154, 2009 WL 3181936, at *5 (D.V.I. Sept. 28, 2009). Therefore, we shall deny the motion to dismiss the Title VII claims as to The Medicine Shoppe.

The discrimination claims against the owners in their official capacities must be dismissed because they are not proper parties under Title VII. The only proper defendant in a Title VII case is the employer. Individual employees cannot be held liable solely on the basis of their positions. *Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996); *Faust v. Storm,* No. 08-4602, 2009 WL 2143546, at *2 (E.D. Pa. July 15, 2009) (Golden, J); *Foxworth v. Pa. State Police,* No. 03-6795, 2005 WL 840374, at *4

---

[1] In support of their motion, the defendants attached the affidavit of defendant Troy de Chabert-Schuster, affirming that "[d]uring the calendar year 2007, The Medicine Shoppe never had fifteen (15) or more employees for any working day." In ruling on a motion to dismiss, we may not consider documents outside of the complaint unless they are "integral or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotations omitted). The number of employees is a fact issue that is not determined at the motion to dismiss stage. Thus, for purposes of this motion, we shall not consider the affidavit.

(E.D. Pa. April 11, 2005). A suit naming an individual in his official capacity is considered a suit against the employer. *Sampson v. Sch. Dist. of Lancaster,* No. 05-6414, 2009 WL 1675083, at *5, n.5 (E.D. Pa. June 12, 2009) (Surrick, J.); *Mitchell v. NJ Lottery*, No. 04-896, 2006 WL 1344092, at *8 (D.N.J. May 15, 2006); *Manns v. The Leather Shop Inc.,* 960 F. Supp. 925, 928 (D.V.I. 1997) ("finding an individual employee of a private corporation liable in his official capacity is tantamount to finding a corporation liable.") (citation and internal quotations omitted). Thus, if the employer is named as a defendant, the same discrimination claim against an employee in his official capacity is redundant. *Sampson*, 2009 WL 1675083, at *5, n.5; *Foxworth*, 2005 WL 840374, at *4; *Wheeles v. Nelson's Electric Motor Serv.,* 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) (claims against supervisor in his official capacity "redundant" of claims against employer).

Here, because the Title VII claims against the owners in their capacities as "owner[s], manager[s], employee[s], and agent[s]" are really claims against The Medicine Shoppe, they are redundant. *See, e.g., Sampson*, 2009 WL 1675083, at *5, n.5 (Title VII suit against individual in official capacity redundant of claims against employer); *Foxworth*, 2005 WL 840374, at *4 (same). The amended complaint does not allege that the individual defendants themselves engaged in any discriminatory conduct. Therefore, the federal claims in Counts I and II against the individual defendants will be dismissed.

Count III purports to state a territorial cause of action for defamation. The individual defendants as well as the corporate defendant could be liable for making false and defamatory statements regarding Weeks's termination. However, the amended complaint does not allege sufficient facts to support a viable claim for defamation against any of the defendants. It does not allege what defamatory statements were made, by whom, and

when they were made. Therefore, Count III will be dismissed as to all defendants, and the plaintiff will be granted leave to file a second amended complaint consistent with this opinion.

Count IV is a redundant claim. The allegations are a reiteration of the Title VII claim. It casts the cause of action as a breach of contract. The employment contract was between Weeks and her employer, The Medicine Shoppe. It was not between Weeks and the individual defendants. Hence, Count IV must also be dismissed as to the individual defendants.

## Conclusion

Weeks has stated claims for employment discrimination against The Medicine Shoppe. However, because her Title VII and breach of contract claims against the individual defendants are redundant of her claims against The Medicine Shoppe, Counts I, II and IV will be dismissed as to Troy A. de Chabert-Schuster, Gregory L. Schuster, and Lowell O. Schuster only. Furthermore, because Weeks has failed to state a claim for defamation, Count III will be dismissed as to all defendants. If Weeks wishes to do so, she may amend her complaint solely with respect to Count III.